UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>  v.<br><br>LORAL L. LANGEMEIER and LIVE OUT LOUD, INC.,<br><br>        Defendants. | 3:22-CV-00269 |

**PROTECTIVE ORDER REGARDING CONFIDENTIAL <u>PERSONAL INFORMATION</u>**

Plaintiff Securities and Exchange Commission ("Commission") and defendants Loral L. Langemeier and Live Out Loud, Inc. having jointly moved for entry of this protective order regarding confidential personal information, the Court hereby **GRANTS** that joint motion and **ORDERS** as follows:

1. This Protective Order applies to all Confidential Information, as defined in Paragraph 2 below, contained in any document, electronically stored information, or other material of any type produced or obtained through Rule 26(a) disclosures or discovery in this litigation. This Protective Order does not address other types of potentially confidential information and the parties have indicated that subsequent agreements or orders may address disclosure of such other types of information.

2. As used in this Protective Order, the term "Confidential Information" means the following information regarding an individual: social security number; taxpayer identification number; birth date; credit records; tax, medical, and criminal records; and bank, brokerage, and

financial institution account numbers; provided, however, information is not Confidential Information if it is publicly available, including from governmental agencies.

3. This Protective Order does not restrict disclosure of materials from which the Confidential Information has been redacted or obscured.

4. Confidential Information produced or obtained through Rule 26(a) initial disclosures or discovery in this litigation shall be maintained as confidential and shall not be disclosed without the consent of the producing party or the individual whose personal information is at issue or pursuant to further court order, except that Confidential Information may be disclosed without consent or order to the following: (a) the parties to this action, their counsel, counsel's support personnel, and other Commission personnel; (b) consultants, expert witnesses, and vendors retained for this litigation, provided such persons complete a stipulated compliance certification; (c) persons who prepared or compiled the Confidential Information or received the Confidential Information prior to the date of this Protective Order; (d) witnesses (or their counsel) noticed for deposition or designated as a trial witnesses, or who are expected to be so noticed or designated, to the extent reasonably necessary to prepare for or conduct their testimony or to review the transcript of their depositions; (e) other individuals believed to have information relevant to this litigation, to the extent disclosure has been determined by counsel to be reasonably necessary for the prosecution or defense of this matter; (f) judges, magistrate judges, mediators, court reporters, and other court-related personnel involved with this matter, subject to Fed. R. Civ. P. 5.2 and any other applicable limitation on disclosure of confidential information in judicial proceedings, and (g) federal, state, and local law enforcement agencies.

5. Nothing in this Protective Order is intended to (a) prevent a party that produced Confidential Information from making use of that Confidential Information in its own business operations or disclosing that information to the extent required by law, (b) prevent a party that

has produced or received Confidential Information from using or referring to such information in response to discovery in this litigation; or (c) restrict the use or disclosure of information produced or received other than in connection with this litigation or the Commission's pre-filing investigation.

6. If the parties disagree as to whether information is Confidential Information within the scope of this Protective Order, the party seeking to disclose the information may seek a ruling from this Court. The information in dispute shall be deemed Confidential Information until the Court rules or the question is resolved by agreement of the parties.

7. If a party that has obtained Confidential Information (or an employee, attorney, expert, or other representative of such a party) receives a subpoena or other disclosure request from a non-party seeking any such Confidential Information, the party receiving the disclosure request shall within seven days provide notice of the disclosure request to the party that produced the Confidential Information.

8. Except as provided in Fed. R. Civ. P. 5.2, Confidential Information may be filed with the Court only (i) under seal or after a determination by the Court that the information at issue need not be sealed, (ii) pursuant to court order, (iii) by agreement of the party that produced the information, or (iv) by consent of the individual whose personal information is at issue. A party seeking to file Confidential Information under seal must file a motion to seal.

9. In the event additional parties are joined in this litigation, they shall not be provided access to Confidential Information until they have each executed and filed a statement agreeing to be bound by this Protective Order.

10. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility of any facts or documents revealed in the course of disclosure.

11. Unless otherwise ordered, this Protective Order shall remain in force after dismissal or entry of final judgment. Additional protective orders may be requested with regard to other types of potentially confidential information or to supersede this Protective Order.

**IT IS SO ORDERED.**



**UNITED STATES MAGISTRATE JUDGE**

**DATED:** September 30, 2022

4