UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LORAL L. LANGEMEIER and LIVE OUT LOUD, INC.,<br><br>Defendants. | Case No. 3:22-cv-00269-ART-CSD<br><br>ORDER DENYING MOTION TO STAY (ECF No. 69) |

Defendants Loral L. Langemeier and Live Out Loud, Inc. ("LOL") move for a stay of enforcement of judgment pending appeal. (ECF No. 69.) For the reasons set forth below, the Court denies Defendants' motion without prejudice.

I. **DISCUSSION**

Defendants argue that they are entitled to a stay of judgment pending appeal pursuant to Rule 62 and under the four-factor test. *Mi Familia Vota v. Fontes,* 111 F.4th 976, 981 (9th Cir. 2024). The Court addresses each argument in turn.

**A. RULE 62**

Rule 62(b) provides that: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). A party appealing a judgment of a federal district court is entitled to a stay of monetary judgment if they post a bond in accordance with Rule 62. *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966); *Am. Civ. Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible

1

1  judgment and compensates him for delay in the entry of the final judgment."
2  *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

In determining whether an appellant has met their burden of showing a need to deviate from the usual requirement of posting a full supersedeas bond, the Ninth Circuit considers a five-factor test. *Securities and Exch. Comm'n v. Beasley*, No. 222CV00612CDSEJY, 2024 WL 1199593, at *2 (D. Nev. Mar. 19, 2024); *Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) (discussing factors used in *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)). The factors considered are: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Dillon*, 866 F.2d at 904–05.

Although Defendants appear to request a stay pursuant to Rule 62, they have not made any argument as to why bond should not be required based on the *Dillon* factors. They have failed to present any evidence that would allow the Court to make a finding on Defendants' ability to pay. The Court therefore denies Defendants' request for a stay without payment of bond pursuant to Rule 62 without prejudice.

## II.     UNSECURED STAY PENDING APPEAL

Defendants argue they are entitled to a stay pending appeal because they are likely to succeed on the merits and will suffer irreparable injury.

Courts consider four factors in deciding whether to grant a request for a stay pending appeal: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be

2

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder,* 556 U.S. 418, 425–26 (2009) (citation omitted). The likelihood of success and irreparable injury are the most important factors. *Mi Familia Vota,* 111 F.4th at 981. In the Ninth Circuit, those two factors fall on a "sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* "On one end of the continuum, the proponent must show a 'strong likelihood of success on the merits' and at least 'the possibility of irreparable injury to the [proponent] if preliminary relief is not granted.'" *Id.* (citing *Golden Gate Rest. Ass'n v. City & Cnty of San Francisco*, 512 F.3d 1112, 1116–17 (9th Cir. 2008)). At the other end of the continuum, the moving party must show either "a high degree of irreparable injury, or that the balance of equities otherwise tips sharply in their favor." *Id.* (cleaned up).

### A. Likelihood of Success on the Merits

Defendants first argue they are likely to succeed on the merits on their appeal because the Court lacks jurisdiction over NV Huskers, a business entity that received payments on behalf of Langemeier and LOL, and because NV Huskers has limited liability company protections. (ECF No. 69 at 8.)

The Court's order awarded disgorgement of $404,807 based on transaction-based compensation that Defendants received during the relevant period. (ECF No. 59 at 7.) The Court explained that the SEC had met its burden of showing that the $404,807 was a reasonable approximation of Defendants' profits causally connected to the violation based on evidence in the record including Langemeier's deposition and an invoice confirming that the sum was paid to NV Huskers. (*Id.*)

This is the first time Defendants raise an argument related to limited liability protections of NV Huskers. In their briefing on the motion for judgment, Defendants argued only that the payments to Defendants, via NV Huskers, their

1  "designated payee," should not be considered transaction-based compensation
2  but instead legitimate "marketing fees." (ECF No. 50 at 6, 7.) Any limited liability
3  protections that NV Huskers may have do not affect the Court's finding that
4  Defendants in this case, Langemeier and SEC, received profits causally connected
5  to the violations.

6  Defendants next argue that the Court's disgorgement order was "illegal"
7  because the SEC did not sufficiently prove that the amount awarded represented
8  Defendants' net profits or that the disgorgement awarded would go to victims,
9  citing *Liu v. Sec. & Exch. Comm'n*, 591 U.S. 71 (2020).

10  First, the record supports the Court's finding that the amount awarded,
11  $404,807, represented Defendants' net profits. In *Liu*, the Court held that "courts
12  must deduct legitimate expenses before ordering disgorgement under
13  § 78u(d)(5)." *Id.* at 91–92. In this case, Defendants failed to make any showing of
14  legitimate expenses, therefore the Court was unable to deduct anything. As such,
15  total profits were the same as net profits.

16  Second, the Court agrees with Defendants that the disgorgement ordered
17  must be awarded to victims. *Liu*, 591 U.S. at 75. "Disgorgement is designed to
18  deprive a wrongdoer of unjust enrichment, and to deter others from violating
19  securities laws by making violations unprofitable." *S.E.C. v. First Pac. Bancorp*,
20  142 F.3d 1186, 1191 (9th Cir. 1998). The Court retains jurisdiction over the
21  administration of any funds paid by Defendants, and those funds may only be
22  disbursed pursuant to an order by the Court. (ECF No. 64 at 5.) Defendants cite
23  no authority for their argument that the SEC was required to submit evidence as
24  to what victims would receive those funds in its motion for judgment.

25  Because Defendants have failed to show a likelihood of success, the Court
26  declines to address the remaining factors and denies the motion for a stay of
27  judgment.

28

4

### III. ALTERNATIVE REQUEST FOR SUPERSEDEAS BOND

At the end of their reply, Defendants request in the alternative that the Court set a supersedeas bond which is "limited to 12 months interest on the judgment at the current federal reserve interest rate of 4.33%." (ECF No. 73 at 9.) Because this request was not made initially, it has not been fully briefed. Defendants may renew their request with appropriate authority and argument.

### IV. CONCLUSION

It is therefore ordered that Defendants' motion to stay the enforcement of judgment without a supersedeas bond (ECF No. 69) is DENIED without prejudice.

It is further ordered that Defendants' motion for an extension of time (ECF No. 72), requesting an additional day to file their reply, is GRANTED nunc pro tunc.

DATED: July 24, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE